IN THE MATTER OF: MICHAEL LEE TERRY, SR., AND LAVERNE CRAB-TREE TERRY, FOR THE ADOPTION OF MAGGIE LYNN TERRY

No. 8414SC1093

(Filed 3 September 1985)

**Adoption § 4— revocation of consent—not timely**

The three-month period for revocation of consent to adoption by the natural parent under G.S. 48-11(a), as amended, applied to a natural mother who signed a consent form on 13 July 1983 which stated that she had six months to revoke consent where the amendment was effective 1 June 1983, and a written revocation was filed in November 1983. The natural mother, like everyone, is responsible for knowing public laws and the amendment which reduced the time allowed for revocation helps to create security in newly adoptive homes; to hold that the six month term applied would be in direct opposition to legislative intent and public policy.

APPEAL by petitioners from *Farmer, Judge*. Order entered 30 July 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 19 August 1985.

On 16 February 1983, a female child was born out of wedlock to Sandra K. Kinder and Michael Lee Terry, Jr. The natural mother and father each signed and filed a Consent to Adoption form on 13 July 1983 which gave permission for the paternal grandparents to adopt the infant. The form stated that consent could be revoked for up to six months unless an interlocutory

decree or final order of adoption had been issued. G.S. 48-11 had been amended, however, to only allow three months for revocation effective 1 June 1983. New forms had not yet been issued to the clerk of court's office nor had the clerk's office been informed of the change.

The natural father's parents filed a Petition for Adoption on 28 July 1983. The natural mother returned to her home in Florida and in early August mailed a letter to the grandparents stating that she wished to revoke her consent. However, she did not inform the court that she wished to revoke her consent. She returned to Durham three months later. During the morning of 15 November 1983 Ms. Kinder went to the office of the Clerk of Superior Court and informed an assistant clerk that she desired to revoke her consent. She was told that she was too late but to see the Department of Social Services across the street. There she was informed that the period allowed for revocation had expired. An employee of the Department of Social Services called the grandparents' attorney and informed him of the situation. That same day Ms. Kinder telephoned the local Legal Services office and made an appointment to see the attorney first thing the next morning. A Final Order of Adoption was filed later that day. On 16 November 1983 Sandra Kinder kept her appointment at Legal Services and then filed a written revocation at the clerk's office.

The natural mother, on 14 December 1983, moved to set aside the Final Order of Adoption. It was denied. On 6 April 1984 she appealed the clerk's ruling to superior court. The superior court judge issued an order granting Kinder's motion to set aside the judgment, thus vacating the Final Order of Adoption. From this order, the adoptive parents appeal to this Court.

*Arthur Vann for petitioner appellants.*

*Gail T. Donovan and William J. Riley for respondent appellee.*

ARNOLD, Judge.

The main issue involved in this appeal is which period of revocation governs, the six month term listed in the signed consent form or the three month term embodied in the statute at the

time the consent was given. We hold that the statutory language overrides the outdated consent form.

It is unfortunate that the form misstated the time allowed for revocation. The fact still remains, however, that when Ms. Kinder signed her Consent to Adoption, the statute had been amended. The law at that time allowed only three months for the revocation of consent.

One is presumed to know the law and will be held to it. *In re Forestry Foundation*, 296 N.C. 330, 342, 250 S.E. 2d 236, 244 (1979). Ms. Kinder, like everyone, is responsible for knowing public laws. The fact that G.S. 48-11 had been amended could have been discovered with reasonable diligence.

The primary purpose of Chapter 48 is to protect children "from interference long after they have become properly adjusted in their adoptive homes by biological parents who may have some legal claim because of a defect in the adoption procedure." *See* G.S. 48-1. The amendment which reduced the time allowed for revocation holds true to this stated purpose. It helps to create security in newly adoptive homes. The legislature believed the six month term did not achieve this goal.

The amendment to G.S. 48-11(a) states that all consents on or after 1 June 1983 would be governed by the three month term. Sandra Kinder signed her Consent to Adoption over a month after the effective date. With the exercise of due diligence Ms. Kinder would have known of this change and could have conformed with the requirements of this statute. Thus, to hold that the six month term applied would be in direct opposition to legislative intent and public policy,

We reverse the trial court's decision.

Reversed.

Chief Judge HEDRICK and Judge COZORT concur.